UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

SALVATORE LARCA,

Defendant.

No. 13-cr-340-1 (RJS)
<u>ORDER</u>

<u>RICHARD J. SULLIVAN</u>, Circuit Judge:

WHEREAS, on or about May 8, 2013, SALVATORE LARCA, (the "Defendant"), was charged in an Indictment, 13 Cr. 340 (RJS) (the "Indictment"), with conspiracy to distribute 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846 (Count One);

WHEREAS, on or about August 27, 2013, the Defendant pled guilty to a lesser included offense of Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, *inter alia*, a sum of money equal to $1,320,000 in United States currency, representing proceeds obtained directly or indirectly as a result of the narcotics offense alleged in Count One of the Indictment;

WHEREAS, on or about January 9, 2014, the Court entered a Preliminary Order of Forfeiture/Money Judgment, imposing a money judgment against the Defendant in the amount of $1,320,000 (the "Money Judgment"), representing proceeds obtained directly or indirectly as a result of the narcotics offense alleged in Count One of the Indictment;

WHEREAS, to date, $1,291,765 of the Money Judgment entered against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offense, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest, which were seized on or about April 15, 2013:

    a. 13 pieces of various jewelry, seized from a residence located at 2879 Waterbury Avenue, Bronx, New York;

    b. One Gentleman's Rolex "Datejust" watch, stainless steel Model #116334, seized from 10 Nassau Place, Staten Island, New York; and

    c. One 14K yellow gold St. Mary pendant with 20" chain, weighing 15.3 grams, seized from 10 Nassau Place, Staten Island, New York;

(the "Substitute Assets"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

NOW, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Assets are hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

SO ORDERED.

Dated: New York, New York
November 21, 2022

_____
HONORABLE RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation